**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ERIC BUTLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV413 RWS |
| | ) | |
| DEAN MINOR, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

Eric Butler petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. The motion is untimely. As a result, it is summarily dismissed. See 28 U.S.C. § 2254, Rule 4.

On July 26, 2010, Butler pled guilty to one count of first-degree statutory sodomy and one count of first-degree statutory rape. On September 7, 2010, the court sentenced him to twelve years' imprisonment. Missouri v. Butler, No. 09SL-CR02359-01 (St. Lois County). Butler did not file an appeal. Nor did he file a timely Rule 24.035 motion. See Butler v. Minor, No. 14RA-CV00417 (Randolph County).

On May 2, 2014, Butler filed a general petition for writ of habeas corpus in the Randolph County Circuit Court. Id. Butler alleged, as he does in this case, that he was actually innocent of the crime because a medical examination, performed several months after he committed the statutory rape, "showed no signs of recent or healed penetrating injury." Id. (Pet'r Ex. filed May 2, 2014). The exhibit further stated, "This cannot rule out sexual touch, which did not injure the child or prior superficial trauma which is now completely healed."

The habeas court denied the petition as procedurally barred. Id. (Mem., Order, and J. filed Dec. 24, 2014). Alternatively, the court found the petition to be meritless, stating, "Butler

does not present a true claim of actual innocence; Butler's claim is that he is actually innocent of first-degree sodomy and first-degree statutory rape because there was no 'corpus delicti' of his crimes. . . Butler does not put forth new evidence of actual innocence, Butler is making a claim of legal innocence, not actual innocence . . ." Id.

In the instant petition, Butler again states that he is actually innocent because there was no corpus delicti. Butler claims his new evidence is the same medical report stated above, which was known to his attorney at the time of trial. Butler claims that the procedural hurdles should be set aside because this evidence was withheld from him by the prosecutor and his attorney.

In McQuiggin v.Perkins, the Supreme Court recently held that a showing of actual innocence works to "overcome" AEDPA's statute of limitations, and not simply to excuse late filing. —— U.S. ——, 133 S.Ct. 1924, 1930–31 (2013). When faced with a "convincing" actual-innocence claim, McQuiggin makes clear, a court cannot consider a petition's untimeliness as "an absolute barrier to relief." Id. at 1928. Although a petitioner who asserts a convincing actual-innocence claim does not have to "prove diligence to cross a federal court's threshold," timing remains "a factor relevant in evaluating the reliability of a petitioner's proof of innocence." Id. at 1935 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."). "To establish the requisite probability [of actual innocence], the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995).

Butler's actual innocence claim does not make the requisite probability showing under Schlup. The medical report in question explicitly states that it does not disprove sexual touch. Moreover, petitioner pled guilty to the crimes. Moreover, Butler has not and cannot show that he

was diligent in presenting this evidence to the Court.  The medical report is not new evidence.  It was available to him before he pled guilty.  Even if his lawyer withheld it from him, he could have requested a copy of the court file from the clerk several years ago.  As a result, petitioner's claims do not "overcome" the limitations period in 28 U.S.C. § 2244(d).  The one-year limitations period expired more than four years ago.

The Court allowed petitioner to show cause why the action should not be dismissed as untimely.  Petitioner did not state any grounds that might entitle him to circumvent the limitations period.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely.  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus is **DISMISSED**, and this action is **DISMISSED**.

An Order of Dismissal will be filed separately.

Dated this 17th day of April, 2015.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE